## William F. Mayer v. Mary L. C. C. Schneider, Administratrix.

### Gen. No. 4,519.

1. ACCOUNTING—*what should be allowed administratrix upon.* A disbursement made by the administratrix pursuant to authority granted her by the court of probate should, upon final accounting, be allowed to her notwithstanding the reviewing tribunal might not have authorized the disbursement had its judgment been invoked in the first instance.

2. ACCOUNTING—*what should be allowed administratrix upon.* Witness fees paid by the administratrix in connection with a hearing had before the court of probate, to determine a matter of heirship, should be allowed to her in her final accounting, especially where the payment ante-dated the application for allowance by about four years and no effort had been made by the objecting parties to fix its status.

Mayer v. Schneider.

Contest in court of probate. Appeal from the Circuit Court of La-Salle County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

JOHN F. HAAS, for appellant.

H. M. KELLY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The administratrix of the estate of Bertha Schneider, deceased, filed in the Probate Court of LaSalle County a just and true account as a basis for a petition to sell real estate to pay debts. William F. Mayer, who had been adjudged an heir, filed objections, which were sustained as to two items and otherwise overruled. The administratrix appealed to the Circuit Court from so much of the order as was adverse to her. Upon a trial in the Circuit Court said objections were overruled, and the just and true account approved in all respects, at the costs of the objector. He prosecutes an appeal therefrom to this court. The appeal brings before us two items only, one of $50, and the other of $43.75.

Bertha Schneider died without issue, and Mary Schneider was her only sister, and she had no brothers of the whole blood; but it has been adjudged by a prior order in the Probate Court that William F. Mayer is their half-brother, and that these two are the sole heirs of Bertha. Mayer, who is a non-resident of the State, filed a bill in the Federal Court in Chicago for partition of the real estate left by said deceased. This estate was then being administered, and a very large claim in favor of Mary was pending in the courts for trial, which claim has since been allowed in all the courts, including the Supreme Court of this State. The administratrix applied to the Probate Court for leave to employ counsel to prevent the complications that would arise if the Federal Court should proceed to partition the real estate before the debts of the deceased were paid.

The Probate Court entered an order allowing her to expend not exceeding $50 for that purpose. She employed

Hale Fowler, an attorney at Ottawa, and paid him $50 for services rendered in that behalf. No answer was filed in the Federal Court in behalf of the administratrix, but she was defaulted, and it is claimed that on that account this payment ought not to be allowed in her account as administratrix. Hale Fowler is dead, and his testimony could not, therefore, be had as to what he did, but the testimony of B. F. Lincoln, another attorney at Ottawa, shows that he was afterwards associated with Fowler in the matter, though not at the expense of the estate, and that no answer by the administratrix was necessary, but that without that answer the matter was so brought to the attention of the Federal Court that that court only fixed the rights of the parties in the real estate, and made that subject by its decree to the payment of the debts of said deceased, and did not proceed to partition the premises or sell them. The estate, therefore, obtained through that decree all the protection to which it was entitled. The work so far as proved seems to have been done by Lincoln, but the arrangement between himself and Fowler is immaterial. It is true that the administratrix and the complainant in that suit are the sole heirs, and that she was the principal creditor of the estate, and that she might have been left to protect the interests of the estate at her own expense, but the Probate Court having seen fit some years before this just and true account was filed to authorize her to expend $50 in attorney's fees in that matter, and she having expended the money under that order, we are of opinion she ought now to be protected by its allowance in her account.

In her just and true account the administratrix took credit for $93.05 paid the probate clerk for costs. Forty-eight dollars and seventy-five cents of that sum was for witness fees and fees on the subpoenas, in a hearing upon the matter of heirship of said estate in the Probate Court. The Probate Court disallowed $43.75 of that amount, but the Circuit Court sustained the entire charge. There was a hearing some years before in the Probate Court on the question of the heirship of William F. Mayer, when these witness fees were incurred. An order was made at that

time finding Mayer to be a half-brother of deceased and a co-heir of the administratrix, but it did not adjudge the costs of that hearing against any one. An appeal was taken by the administratrix, but afterwards withdrawn. These costs were, taxed against the estate, and there having been no order adjudging them against either of the parties to that hearing personally, it was proper for the administratrix to pay them out of the estate. Appellant sought to show that the administratrix ought to pay these costs personally, by proof that sometime during the eighties she had a conversation with a relative in Chicago in which she asked where her brother, William F. Mayer, was. The circumstances of these parties is not disclosed by the proof at all clearly, but we infer that the administratrix had never seen this half-brother. When, therefore, a stranger appeared claiming to be her brother and heir-at-law of deceased, she had apparently no means of being certain that he was the person he professed to be. So far as this record discloses she may have believed this half-brother to be dead; and at any rate she had the right to protect the estate against the possibility of imposition. We see no reason why she had not a right as administratrix to require that he establish his relationship to deceased, nor why she should bear the cost thereof personally. Moreover, from other testimony introduced by appellant, we conclude that the four witnesses whose fees make up $45.60 of the costs of that hearing, were called by appellant to prove his heirship. If it was so clear and certain that he was an heir, it would seem as if it was unnecessary for him to bring four witnesses from Chicago and keep them in Ottawa three days to establish that fact. The very fact that he brought so large a number of witnesses indicates that his heirship was not absolutely certain. These costs having been taxed against the estate without an order that they should be paid by either of the individual heirs, and having been permitted to stand that way for four years, we think the administratrix was justified in paying them, and that she ought not to bear that expense personally. The judgment is therefore affirmed.        *Affirmed.*